UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ANGELA DEL VILLAR,                                                      :
                                                                        :
                              Plaintiff,                                :
                                                                        :     19-CV-10891 (JMF)
              -v-                                                       :
                                                                        :     MEMORANDUM OPINION
NEIL FRANCOIS,                                                          :     AND ORDER
                                                                        :
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On November 29, 2022, the Court granted Plaintiff's motion for default judgment against Defendant Neil Francois and referred this matter to Magistrate Judge Katharine Parker for an inquest as to damages. *See* ECF No. 107. On March 20, 2023, before judgment had been entered, Francois filed a letter requesting vacatur of the default judgment, arguing principally that he had changed his address on July 1, 2021, and had "never received notice of any Court proceedings." ECF No. 117. On June 14, 2023, the Court held a hearing at which Francois testified.

A motion to vacate a default judgment is "addressed to the sound discretion of the district court." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). In deciding whether to vacate a default judgment, a "court's determination must be guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) (quoting *S.E.C. v. McNulty*, 137 F.3d at 738). "Other relevant

equitable factors may also be considered," including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Finally, "as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*." *Id.*

Applying these standards, the Court GRANTS Francois's motion to vacate the default judgment and reinstates his previously filed Answer. *See* ECF No. 34. In light of the emails proffered by Francois, *see* ECF Nos. 127, 130, as well as his testimony at the evidentiary hearing, the Court concludes that Francois's default was not willful. Among other things, the emails confirm that Francois made relatively consistent efforts to stay up to date on the progress of his case and that Francois attempted to communicate with the Court, including informing the Court of his move — but misspelled the relevant email address ("Temporary_Pro_Se_Filling@nysd.uscourts.gove" not "Temporary_Pro_Se_Filing@nysd.uscourts.gov"). *See* ECF No. 127-1, at 17; ECF No. 130-1. The Court further finds that Francois has a potentially meritorious defense given that the central allegations are likely to turn on whether a jury believes him or Plaintiff.[1] Finally, although the Court is sympathetic to Plaintiff's concerns about delay and the need to testify again about matters that are emotionally charged, that does not qualify as prejudice sufficient to override the other factors, especially where, as here, the defaulting party is proceeding *pro se*. *See Enron Oil Corp.*, 10 F.3d at 96 (noting that courts should freely set aside defaults when the defaulting party is *pro se*).

Thus, Francois's motion to vacate the default judgment is GRANTED and his Answer is

---

[1] In arguing otherwise, Plaintiff relies principally on a surveillance video, but, as discussed at the June 14, 2023 conference, the video provides only partial corroboration of Plaintiff's allegations; the central allegations turn on conduct that took place off camera.

reinstated.  **No later than August 7, 2023, Francois shall file a pretrial statement** in accordance with Paragraph 6(A) of the Court's Individual Rules and Practices in Civil Pro Se Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  As explained in Paragraph 6(A), the pretrial statement need not take any particular form, but it must contain the following:

   (1) a statement of the facts Francois hopes to prove at trial;

   (2) a list of all documents or other physical objects that Francois plans to put into evidence at trial; and

   (3) a list of the names and addresses of all witnesses Francois intends to have testify at trial.

The Statement must be sworn by Francois to be true and accurate based on the facts known by Francois.  Given the procedural history of this matter, the Court will give Plaintiff an opportunity to update her pretrial submissions, *see* ECF Nos. 80-83, **no later than August 21, 2023**.  The parties shall then appear for an **in-person conference** on **September 6, 2023**, at **2:30 p.m.**, in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007, to discuss next steps, including a trial date.  **Francois is warned, as he was at the hearing on June 14, 2023 hearing, that he is expected to timely comply with all Court orders and appear at all Court-mandated conferences and hearings.  Failure to do so may result in sanctions and/or reentry of default judgment against him.**

   Unless and until Francois obtains counsel for all purposes, all communications by Francois with the Court must be through the *Pro Se* Intake Unit, submitted either by (1) email as an attachment in PDF format to Temporary_Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mail to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.  No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.  **Francois is**

**directed to take notice of this email address for all future filings to avoid any further miscommunications.**

**The Clerk of Court is directed to mail a copy of this Order to Francois.** In addition, out of an abundance of caution, Plaintiff shall serve a copy on Francois by e-mail by **July 8, 2023,** and, no later than **July 9, 2023**, file proof of such service.

SO ORDERED.

Dated: July 6, 2023
      New York, New York

                                       JESSE M. FURMAN
                                       United States District Judge